UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEULAH JOHNSON, | : |
| Plaintiff, | : Civil Action No. 15-5486 (KM) |
| v. | : |
| MEGA BUS CO., | : REPORT AND RECOMMENDATION |
| Defendant. | : |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court on the March 17, 2017 Order to Show Cause why Plaintiff, Beulah Johnson's ("Plaintiff"), Complaint should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41. D.E. 33. Plaintiff has failed to file a response to the Order to Show Cause. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons below, the Court respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice.

### I. Background

On July 13, 2015, Plaintiff filed the instant Complaint against the Mega Bus. D.E. 1. Plaintiff's Complaint asserts that she was a passenger on Defendant's bus in Texas and was ousted from the bus at 2:30 a.m. and was not permitted to retrieve her luggage, containing her personal property, from the bus when she was ejected. Compl., D.E. 1. As a result, Plaintiff claims that her civil rights were violated. *Id.*

Plaintiff requested entry of a default judgment, and the Clerk's Office entered default against Defendant on March 11, 2016. That same day, Defendant filed an Answer to Plaintiff's

Complaint. *See* Answer, D.E. 18. On April 4, 2016, Defendant moved to set aside the default. Def.'s Mot. to Set Aside Default, D.E. 22. On October 11, 2016, the Court granted Defendant's motion to set aside the default. D.E. 29.

On October 24, 2016, the Court scheduled an in-person scheduling conference for December 8, 2016. Text Order, D.E. 31. Plaintiff failed to appear at the conference, failed to notify the Court or Defense counsel that she would be unable to attend the conference, and failed to seek an adjournment of the conference. *See* Order to Show Cause, Dec. 8, 2016, D.E. 32. Thus, the Court entered an Order for Plaintiff to show cause, in writing, by December 28, 2016, why the Complaint should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. *Id.* Plaintiff failed to respond to the December 8, 2016 Order to Show Cause. The Court then entered another Order to Show Cause on March 17, 2017, directing plaintiff to show cause, in writing, why the Complaint should not be dismissed for failure to prosecute by April 12, 2017. *See* Order to Show Cause, Mar. 17, 2017, D.E. 33. To date, Plaintiff has not responded to the March 17, 2017 Order to Show Cause. The record reflects Plaintiff neither provided new or updated contact information to the Court, nor sought to stay these proceedings because she had moved or would otherwise be unable to litigate this matter for some period of time.

## II. Legal Analysis

### A. Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a Plaintiff's complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit provided the factors that this Court must

weigh in determining whether to dismiss a complaint pursuant to Fed. R. Civ. P. 41(b). Specifically, the Court must consider six factors in deciding whether the sanction of dismissal is appropriate: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868; *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (applying *Poulis* factors). No single *Poulis* factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge North America Inc.*, Civ. No. 07-2193, 2008 WL 305701, *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). *See also Rosado v. Adams*, Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civ. No. 05-1720, 2005 WL 2338852, *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers."). *See also ODTA Systems LLC v. Daewood Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted). Although not all these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

### B. Consideration of the *Poulis* Factors

#### i. The extent of the party's personal responsibility

In the instant case, Plaintiff failed to attend the December 8, 2016 in-person scheduling conference and has failed to respond to the two Orders to Show Cause why the Complaint should

not be dismissed. *See* Orders, D.E. 32, 33. Plaintiff has not contacted the Court in any way to explain her failure to participate in this action. As a result, this case has been brought to a standstill with no indication that Plaintiff intends to continue to prosecute her claims. Accordingly, the Undersigned can conclude only that Plaintiff does not intend to further litigate her claims and has willfully chosen to abandon her suit.

The Court recognizes that as a *pro se* litigant, Plaintiff is not represented by counsel and may encounter challenges that a represented party would not face. However, at the same time Plaintiff cannot contend that failure to prosecute this matter is the fault of her counsel. *See*, *e.g.*, *Clarke v. Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005), *cert. denied*, 548 U.S. 907 (2006) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation."). Moreover, the record reflects that Plaintiff's failure to prosecute is not the result of her inability to comprehend or address a highly complicated or technical legal issue; it is the result of Plaintiff's failure to take basic action necessary to prosecute her claims, such as appearing in Court when directed to do so, responding to Court Orders or even explaining her inability to do so. In any event, a *pro se* plaintiff is solely responsible for prosecuting his case. *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (citations omitted).

Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii. Prejudice to the Adversary

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced her adversaries. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke*, 153 Fed. Appx. at 73 (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's

delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).

In this case, Plaintiff's inactivity and failure to comply with the Court's orders has prejudiced Defendant. Defendant has been unable to prepare a defense of this matter because Plaintiff has failed to appear for scheduled conferences designed to move this case forward and has failed to contact the Court to reschedule. In short, Plaintiff's lack of responsiveness has impeded Defendant's ability to defend itself.

Accordingly, this *Poulis* factor favors dismissal of Plaintiff's claims.

### iii. History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether she has acted in bad faith. Since approximately December 2016, at the latest, Plaintiff has by all appearances, abandoned prosecution of this matter. As stated previously, Plaintiff failed to attend the December 8, 2016 in-person conference and has not responded to the two Orders to Show Cause entered on December 8, 2016 and March 17, 2017. However, Plaintiff litigated this matter vigorously until that time, having sought entry of a default judgment and opposing Defendant's motion to set aside that default. Plaintiff appeared to be able prosecute her claims and responded to the Court's Orders until at least April 2016. But the record before the Court establishes that for several months, Plaintiff has made no effort to comply with her obligations in prosecuting these claims or to explain to the Court and counsel her inability to do so. Therefore, the Court must conclude on the record before it, that Plaintiff's failure to comply

with its orders was willful and that she has chosen not to pursue her claims. *Porten*, 2011 WL 2038742, *2. Accordingly, these factors favor dismissal of Plaintiff's claims.

### iv. Alternative Sanctions

This factor also favors dismissal, for two reasons. First, Plaintiff's failure to comply with the Court's orders or explain her inability to do so strongly suggests that Plaintiff has abandoned her claims. *Porten*, 2011 WL 2038742, *3. Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations, such as when plaintiff is proceeding *pro se*. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). And in this case, there is no plausible reason to believe that any such fine or attorney's fees would spur Plaintiff to resume actively litigating this case.

### v. Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Plaintiff's claims. However, the Court cannot adequately assess this factor due to Plaintiff's failure to attend the December 8, 2016 scheduling conference which would have set a schedule for discovery. Without the benefit of any discovery, it is difficult, if not impossible to address this factor. *Porten*, 2011 WL 2038742, *3 (citing *Devito v. C.M.S. Dep't*, Civ. No. 05-3438, 2006 WL 756014, *3 (D.N.J. March 17, 2006)).

### III. Conclusion

On balance, each of the pertinent *Poulis* factors weighs in favor of dismissal. Therefore, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

s/ Michael A. Hammer
UNITED STATES MAGISTRATE JUDGE

Date: May 17, 2017